UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| INDIANA PROTECTION AND ADVOCACY SERVICES COMMISSION, PATRICIA FEATHERSTON, on her own behalf and on behalf of a class and sub-class of those similarly situated, | ) ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:16-cv-29 |
| | ) | |
| INDIANA SECRETARY OF STATE, in her official capacity, THE INDIVIDUAL MEMBERS of the INDIANA ELECTION COMMISSION, in their official capacities, CLERK, JEFFERSON COUNTY, INDIANA, in her official capacity, THE STATE OF INDIANA, | ) ) ) ) ) ) ) ) | COMPLAINT-CLASS ACTION |
| | ) | |
| Defendants. | ) | |

**Class Action Complaint for Declaratory and Injunctive Relief / Notice of Challenge to the Constitutionality of a State Statute**

**Introduction**

1.     Indiana Code § 3-5-5-17 provides that persons who are adjudged as mentally ill and are committed to an Indiana institution for individuals with mental illness do not gain residency for voting purposes in the precinct where the institution is located.  This, despite the fact that Indiana law specifically allows persons who reside in a veterans home to be a resident of the precinct where the home is located and college students to vote in the precincts where their schools are located.  The statute poses a particular hardship for persons who have been committed to a state institution for lengthy periods of time who have no other home precinct where they could register and vote. Indeed, it appears that under Indiana law the named plaintiff, Patricia

Featherston, has nowhere in Indiana where she can legally vote.  The statute also imposes a hardship on institution residents who reasonably view the institution and the area where it is located as their home and therefore wish to be able to vote in local elections so as to influence issues of local concerns.

2.      Based on this statute the Clerk of Jefferson County, the Indiana county within which one of Indiana's institutions for individuals with a mental illness, Madison State Hospital, is located, has taken the position, based on information from an office within the Indiana Secretary of State, that persons committed to the hospital may no longer vote in the precinct in which the hospital is located, although they have been allowed to do so before.

3.      Indiana Code § 3-5-5-17 is unconstitutional as imposing a severe and unreasonable burden on the right to vote and as creating an irrational discrimination against persons committed to state psychiatric institutions.  It also represents discrimination on the grounds of disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. and the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.* The statute must be enjoined.

**Jurisdiction, venue, cause of action**

4.      This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

5.      Declaratory relief is authorized by 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure.

6.      Venue lies in this district pursuant to 28 U.S.C. § 1391.

7.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the United States Constitution and is brought pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.*, the Americans with Disabilities Act of

1990, 42 U.S.C. § 12101, *et seq.*

**Parties**

8. Indiana Protection and Advocacy Services Commission (IPAS) is an agency, created under Indiana Code § 12-28-1-1, *et seq.,* pursuant to federal mandate and funded through federal monies, to advocate and protect the rights and interests of individuals with mental illness, developmental disabilities and other disabilities. It brings this action on behalf of its clients and the persons it serves who are putative class and sub-class members as set out below.

9. Patricia Featherston is an adult person committed to Madison State Hospital as a mentally ill person.

10. The Indiana Secretary of State is Indiana's chief election official, Ind. Code § 3-6-3.7-1, and is sued in her official capacity. Among other things, the Indiana Secretary of State is required to "perform all ministerial duties related to the administration of elections by the state." Ind. Code § 3-6-4.2-2. The office is named as a defendant pursuant to Federal Rule of Civil Procedure 17(d).

11. The Indiana Election Commission is required to "[a]dminister Indiana election laws" and is to "[a]dvise and exercise supervision over local election and registration officers." Ind. Code § 3-6-4.1-14(a)(1), (3). The office is named as a defendant pursuant to Federal Rule of Civil Procedure 17(d).

12. The Clerk of Jefferson County, Indiana, is the voter registration officer of Jefferson County and supervises voter registration. Ind. Code § 3-7-12-1. The office is named as a defendant pursuant to Federal Rule of Civil Procedure 17(d).

13. The State of Indiana is a recipient of federal funding and therefore has waived its sovereign immunity with regard to claims under the Rehabilitation Act. 42 U.S.C. § 2000d-7.

**Class action allegations**

14.     This action is brought by plaintiff Patricia Featherston on her own behalf and on behalf of

a class of those similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(2)

against defendant Secretary of State and defendants Individual Members of the Indiana Election

Commission.

15.     The proposed class is defined as:

> all adults who are not able to vote, or will not be able to vote, in the precinct in
> which the institution for mental illness where they are confined is located
> because of Indiana Code § 3-5-5-17.

16.     As defined the class meets all the requirements of Federal Rule of Civil Procedure 23(a).

Specifically,

> a.      The class is so numerous that joinder is impractical.  At the current time there are
> five adult institutions for mental illness in Indiana: Madison State Hospital; Larue Carter
> Hospital; Logansport State Hospital; Evansville State Hospital; and Richmond State
> Hospital.  The total current adult population of these five facilities is approximately 647,
> with a maximum potential population of 850 and most of these persons have been
> involuntarily committed.  At Madison State Hospital alone there are 21 residents who
> have voted in recent elections as registered voters in the precinct where Madison is
> located and who will not now be able to vote in that precinct because of the enforcement
> of Indiana Code § 3-5-5-17.
>
> b.      There are questions of law or fact common to the class, namely whether Indiana
> Code § 3-5-5-17 is unconstitutional and unlawful.
>
> c.      The claims of the named plaintiff are typical of the claims of the class.
>
> d.      The named plaintiff will fairly and adequately protect the interests of the class.

17.     The further requirements of Rule 23(b)(2) of the Federal Rules of Civil Procedure are met

with regard to the class as at all times defendants have acted or refused to act on grounds

generally applicable to the class, thereby making appropriate final injunctive and declaratory

relief with respect to the class as a whole.

18.     This action is also brought by plaintiff Patricia Featherston on her own behalf and on

behalf of a subclass of those similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(2) against defendant Clerk of Jefferson County.

19.     The subclass is defined as:

all class members who reside, or who will reside, at Madison State Hospital.

20.     As defined the subclass meets all the requirements of Federal Rule of Civil Procedure 23(a). Specifically,

a.      The subclass is so numerous that joinder is impractical.  As noted, at the current time there are at least 21 residents who have voted in recent elections as registered voters in the precinct where Madison State Hospital is located and who will not now be able to vote in that precinct because of the enforcement of Indiana Code § 3-5-5-17. This does not include other adult residents of Madison State Hospital who would vote in the precinct where the state hospital is located if allowed to do so.

b.      There are questions of law or fact common to the subclass, namely whether Indiana Code § 3-5-5-17 is unconstitutional and unlawful and whether defendant Clerk may remove class members as registered voters and may refuse to allow class members to register to vote in the precinct in which Madison State Hospital is located.

c.      The claims of the named plaintiff are typical of the claims of the subclass.

d.      The named plaintiff will fairly and adequately protect the interests of the subclass.

21.     The further requirements of Rule 23(b)(2) of the Federal Rules of Civil Procedure are met with regard to the subclass as at all times defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive or declaratory relief with respect to the class as a whole.

22.     Counsel for plaintiffs are appropriate and adequate attorneys to represent the class and subclass and should be appointed as attorneys for the class and subclass pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

**Legal background**

23.     Indiana Code § 3-5-5-11 provides that, generally, "[t]he place where a person's

immediate family resides is the person's residence" for purposes of where the person is allowed to vote.

24.     "Immediate family" is defined as "spouse, children, stepchildren, parents, or grandparents of the individual." Ind. Code § 3-5-5-0.5.

25.     However, if a person is living at a place other than the residence of the person's immediate family and has the intention of remaining at that place and engages in conduct to carry out that intention, the place where the person lives becomes his or her residence for voting purposes. Ind. Code § 3-5-5-13.

26.     Indiana law allows students attending an Indiana post-secondary education institution to register to vote in the precinct where the educational institution is located, even though they are at the school only temporarily. Ind. Code § 3-5-5-7(b).

27.     "A person who resides in a veterans home is a resident of the precinct in which the home is located." Ind. Code § 3-5-5-16.

28.     The challenged statute, Indiana Code § 3-5-5-17, provides, in its entirety, that:

> A person who is:
>
> > (1)     adjudged mentally ill; and
> >
> > (2)     committed to an institution for individuals with a mental illness;
>
> does not gain residency in the precinct in which the institution is located.

29.     Indiana Code § 3-14-2-11(a) provides that "[a] person who knowingly votes in a precinct except the one in which the person is registered and resides commits a Level 6 felony, except when permitted under IC 3-10-10, IC 3-10-11, or IC 3-10-12."

**Facts**

*Facts concerning institutional commitment of mentally ill persons in Indiana*

30.     Title 12, Art. 26, of the Indiana Code provides that persons who are mentally ill and meet statutory standards may be involuntarily committed on a temporary commitment of 90 days, Ind. Code § 12-26-6-1, or on a regular commitment of an indefinite duration, Ind. Code § 12-26-7-5.

31.     A person committed on a regular commitment is entitled to seek an annual review of commitment orders. Ind. Code § 12-26-15-3.

32.     There are currently five state adult psychiatric institutions: Richmond State Hospital, Logansport State Hospital, Larue Carter Hospital, Madison State Hospital, and Evansville State Hospital.

33.     The total bed capacity of the five hospitals is 850 and the five facilities currently house 647 persons.

34.     Most of these persons are persons with mental illnesses who have been involuntarily committed.

35.     The majority of those persons have been present in the state hospital for more than one year, and many have been committed for many years, and even decades.

36.     Adult residents of these state hospitals may not have a permanent home outside of the hospital and may not have a spouse, child, stepchild, parent or grandparent living in Indiana.

36.     Even if the adult residents of these state hospitals have a spouse, child, stepchild, parent or grandparent living elsewhere in Indiana, many of the residents have come to view the institution as their home and relate to the institution and the community around it as their home community.

> *Voting by mentally ill persons committed to a state institution for individuals with mental illness*

37.     Adults committed to a state institution for individuals with mental illness are not, by virtue of their commitment, disqualified from being able to vote.

38.     For example, as of the last election, there were at least 21 committed mentally ill patients at Madison State Hospital who were registered to vote, and voted, using their address as the hospital.

39.     They were therefore allowed to vote in the precinct in which Madison State Hospital is located in Jefferson County, Indiana.

40.     The Clerk of Jefferson County, Indiana, who is in charge of voter registration in Jefferson County, has indicated that she has been informed by an official within the office of the Indiana Secretary of State that Indiana Code § 3-5-5-17 precludes these persons from having the address of Madison State Hospital as their address for voting registration and voting purposes.

41.     The Clerk has therefore notified staff at Madison State Hospital that these patients will have to register to vote elsewhere.

        *The named plaintiff*

42.     Patricia Featherston is an adult person who was adjudged mentally ill and involuntarily committed pursuant to Indiana law and has been placed at Madison State Hospital since approximately 2006.  She was committed to other Indiana state psychiatric institutions prior to that time.

43.     She has in the past been registered to vote in Jefferson County with Madison State Hospital as her address for purposes of registration and, absent some disqualifying action by the Clerk of Jefferson County, Indiana, of which Ms. Featherston is not aware, she remains registered to vote in Jefferson County with Madison State Hospital as her address.

44.     She has voted, using Madison State Hospital as her address, previously and desires to vote in future primaries and elections.

45.     She has no spouse, children, stepchildren, parents, or grandparents living in Indiana.

46.     She has no ties to any Indiana community other than at Madison State Hospital and views the hospital and its surrounding community as her home and wishes to participate in elections affecting her home community.

        *Facts concerning IPAS*

47.     The Protection and Advocacy for Individuals with Mental Illness ("PAIMI") Act,  42 U.S.C. § 10801, *et seq.*,  provides for the establishment and funding of systems within each state which are designed to protect and advocate the rights of individuals with mental illness.

48.     The federal funding is to be given to independent agencies or organizations which have the capacity to protect and advocate for the rights of individuals with mental illness. 42 U.S.C. §§ 10804, 10805.

49.     The system established by each state to protect and advocate the rights of mentally ill individuals must have the authority to "pursue administrative, legal, and other appropriate remedies to ensure the protection of individuals with mental illness who are receiving care or treatment in the State."  42 U.S.C. § 10805(a)(1)(B).

50.     Pursuant to Indiana law, Indiana Code § 12-28-1-1, *et seq.*, the Indiana Protection and Advocacy Services Commission ("IPAS") has been designated as the protection and advocacy agency in Indiana under PAIMI and the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. §§ 15001 & 15041-15045.

51.     IPAS receives absolutely no State funding.

52.     IPAS has the legal authority to "[p]rovide legal and other advocacy services throughout Indiana to individuals or organizations on matters related to the protection of the legal and human rights of individuals with a developmental disability . . . [and] individuals with a mental illness."  Ind. Code § 12-28-1-12(2).

53.     IPAS has the specific legal authority to "[e]nsure full participation in the electoral process in individuals with disabilities, including registering to vote [and] casting a vote." Ind. Code § 12-28-1-12(7).

54.     The federal regulations governing the protection and advocacy systems provide that each system is authorized to bring "lawsuits it its own right to redress . . . discrimination, and other rights violations impacting on individuals with mental illness . . ." 42 C.F.R. § 51.6(f).

55.     IPAS has the legal authority to "sue and be sued" in its own name. Ind. Code § 12-28-1-12(3).

56.     IPAS has the ability to sue state officials acting in their official capacity and local government entities. *See, Virginia Office for Protection and Advocacy v. Stewart*, 563 U.S. 247 (2011); *Indiana Protection and Advocacy Services v. Indiana Family and Social Services Administration*, 603 F.3d 365 (7th Cir. 2010) (en banc).

57.     IPAS represents the interests of, and is accountable to, members of the disability community, including persons with mental illness.

58.     IPAS represents Ms. Featherston and the interests of other mentally ill persons committed to Indiana's psychiatric institutions who are adversely affected by Indiana Code § 3-5-5-17 because they are currently registered to vote using the hospital as their address or because they wish to vote using the hospital as their address for registration.

59.     Some of IPAS's clients are not able to claim residency anywhere in Indiana.  Others reasonably view the state institution for mental illness where they have been confined for long periods of time as their homes and wish to participate in elections in their homes and to vote on issues of concern in their communities.

*Concluding facts*

60.     All defendants in this case are recipients of federal funding.

61.     The challenged statute represents intentional discrimination against plaintiff Ms. Featherston, and the putative class and subclass, and also represents a failure to provide them a reasonable accommodation – allowing them to have residency in the precinct where they are confined in state institutions.

62.     Defendants are causing plaintiff Ms. Featherston and the putative class and subclass irreparable harm, or are threatening irreparable harm, for which there is no adequate remedy at law.

63.     At all times defendants have acted and have failed to act under color of state law.

        *Legal claims*

64.     Indiana Code § 3-5-5-17 imposes a substantial burden on the right to vote and is not justified and is therefore unconstitutional.  This claim is brought on behalf of the class and subclass against all defendants except the State of Indiana.

65.     Indiana Code § 3-5-5-17 discriminates against the named plaintiff and the putative class in violation of the equal protection clause of the Fourteenth Amendment. This claim is brought on behalf of the class and subclass against all defendants except the State of Indiana.

66.     Indiana Code § 3-5-5-17 intentionally discriminates against, and fails to reasonably accommodate, persons with disabilities in violation of both the Americans with Disabilities Act of 1990 and the Rehabilitation Act of 1973. The Rehabilitation Act claim is bought on behalf of the class and subclass against all defendants and the Americans with Disabilities Act claim is brought against all defendants with the exception of the State of Indiana.

        *Request for relief*

        WHEREFORE, plaintiffs request that this Court:

1.     Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

2.     Certify this case as a class action with the class and subclass as defined above.

3.     Declare that the actions and inactions of defendants violate the United States Constitution for the reasons noted above.

4.     Enter a preliminary injunction, later to be made permanent:

      a.     enjoining the application of Indiana Code § 3-5-5-17.

      b.     enjoining defendant Clerk of Jefferson County, Indiana, from removing the voter registrations of members of the sub-class solely because they have listed the address of Madison State Hospital as their address for the purpose of establishing their place of residency to register to vote and to vote and, to the extent voter registrations have already been removed, to reinstate the registrations.

5.     Award plaintiffs their costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 794a, 42 U.S.C. § 12133, and any other applicable statutes.

6.     Award all other proper relief.


                            s/ Kenneth J. Falk
                            Kenneth J. Falk
                            No. 6777-49

                            s/ Gavin M. Rose
                            Gavin M. Rose
                            No. 26565-53
                            ACLU of Indiana
                            1031 E. Washington St.
                            Indianapolis, IN 46202
                            317/635-4059
                            fax: 317/635-4105
                            kfalk@aclu-in.org
                            grose@aclu-in.org

                            s/ Melissa L. Keyes
                            Melissa L. Keyes
                            No. 30152-49

                            s/ Thomas E. Crishon
                            Thomas E. Crishon

No. 28513-49

s/ *Grant E. Helms*

Grant E. Helms
No. 29953-49
Indiana Protection and Advocacy Services
4701 N. Keystone Ave. – Suite 222
Indianapolis, IN 46205
317/722-5555
Fax:  317/722-5564
mkeyes@ipas.IN.gov
tcrishon@ipas.IN.gov
ghelms@ipas.IN.gov


Attorneys for Plaintiffs