UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| INDIANA PROTECTION AND ADVOCACY SERVICES COMMISSION, PATRICIA FEATHERSTON, on her own behalf and on behalf of a class and sub-class of those similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:16-cv-29-SEB-DML |
| INDIANA SECRETARY OF STATE, in her official capacity, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs Indiana Protection and Advocacy Services (IPAS) and Patricia Featherston, on her own behalf and on behalf of a class and subclass of those similarly situated, by counsel, request that the Court enter a preliminary injunction under Fed. R. Civ. Pro. 65(a) enjoining the state defendants from enforcing Indiana Code § 3-5-5-17 and enjoining the Clerk of Jefferson County, Indiana, from removing the voter registrations of members of the subclass solely because they have listed the address of Madison State Hospital as their address for the purpose of establishing their place of residency to register to vote and to vote and, to the extent voter registrations have already been removed, to reinstate the registrations,.  In support of this Motion, the plaintiffs state as follows:

1.    The primary election in Indiana will be held on Tuesday, May 3, 2016.  In order to vote at this election, all voters must be registered on or prior to April 4, 2016.

2.    Given this timeframe, a preliminary injunction is required to ensure the ability of the plaintiffs and the members of the putative class and subclass to be able to register and

ultimately vote in the 2016 primary election and in subsequent elections.

3.      The plaintiffs are reasonably likely to succeed on the merits of their claim that Indiana Code § 3-5-5-17 is unconstitutional and unlawful.

4.      The plaintiffs have no adequate remedy at law to preserve their voting rights.

5.      The plaintiffs will suffer irreparable harm if the statute at issue is not enjoined, a harm that outweighs any harm the defendants would suffer if the injunction were granted.

6.      The injunction sought is not against the public interest.

7.      The injunction should be issued without bond.

8.      A memorandum in support of this motion is filed contemporaneously herewith and is incorporated herein by reference.   Plaintiffs will be filing evidentiary material in a timely fashion prior to the hearing.

WHEREFORE, the plaintiffs respectfully request that the above-described preliminary injunction issue, without bond, and request all other just and proper relief.


s/ Kenneth J. Falk
Kenneth J. Falk
No. 6777-49


s/ Gavin M. Rose
Gavin M. Rose
No. 26565-53
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
grose@aclu-in.org

_s/ Melissa L. Keyes_
Melissa L. Keyes
No. 30152-49


_s/ Thomas E. Crishon_
Thomas E. Crishon
No. 28513-49


_s/ Grant E. Helms_
Grant E. Helms
No. 29953-49
Indiana Protection and Advocacy Services
4701 N. Keystone Ave.  – Suite 222
Indianapolis, IN 46205
317/722-5555
Fax:  317/722-5564
mkeyes@ipas.IN.gov
tcrishon@ipas.IN.gov
ghelms@ipas.IN.gov


Attorneys for Plaintiffs

## Certificate of Service

I hereby certify that on this  1st day of March, 2016, a copy of the foregoing was filed electronically with the Clerk of this Court. I was also mailed on this date to the following parties by first class U.S. postage, pre-paid, or via certified mail.

State of Indiana
c/o Governor Mike Pence
206 State House
200 West Washington St.
Indianapolis, IN 46204

The Indiana Secretary of State
201 State House
200 W. Washington St.
Indianapolis, IN 46204

Clerk
Jefferson County, Indiana

[3]

300 E. Main Street,  #203
Madison, IN  47250

The Individual Members of the Indiana Election Commission
c/o Office of the Secretary of State
201 State House
200 W. Washington St.
Indianapolis, IN 46204

s/ Kenneth J. Falk
Kenneth J. Falk
Attorney at Law

[4]